**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE:<br><br>LORRAINE ROBINSON, | § § § § § § § § | CASE NO: 20-11624<br><br>CHAPTER 13<br><br>SECTION A |
| LORRAINE ROBINSON AND JOHNNIE ROBINSON,<br><br>    PLAINTIFFS,<br><br>V.<br><br>JONATHAN BURDEN,<br>ZERO THREE FOUR INVESTMENT GROUP, and<br>DAVID ALFORTISH,<br><br>    DEFENDANTS. | § § § § § § § § § § § § § § § § | ADV. NO. 23-1011 |

**MEMORANDUM OPINION & ORDER**

On June 6, 2023, the Succession of Lorraine Robinson and Johnnie Robinson, Jr. (the "Plaintiffs") filed in the above-captioned adversary proceeding a *Motion for Emergency Enforcement of Automatic Stay for Temporary Restraining Order, and/or for Preliminary Injunction Against Defendant/Creditor, Jonathan Burden*, [ECF Doc. 8], and a *Motion for Emergency Enforcement of Automatic Stay for Protective Order, and/or for Preliminary Injunction Against State Court Filings by Defendant/Creditor, Jonathan Burden, Against Plaintiff and/or Plaintiff's Counsel* (together, the "Motions"), [ECF Doc. 9].

At an emergency hearing on June 9, 2023, the Court granted the Motions on a preliminary basis and issued an Order with reasons. [ECF Doc. 15]. With proper notice, on June 23, 2023,

1

the Court held a one-day evidentiary hearing to consider granting the Motions on a final basis. At that hearing, the Court heard testimony from Johnnie Robinson ("Johnnie") and admitted Plaintiffs' exhibits 1, 3–10, and 13. Defendant Jonathan Burden ("Burden") did not appear at the hearing. The Court issued a *Memorandum Opinion and Order* memorializing its ruling, finding that Burden willfully violated the automatic stay, and that the Plaintiffs and their counsel were entitled to damages pursuant to 11 U.S.C. §§ 105(a) and 362(k). [ECF Doc. 20]. The Court instructed counsel for the Plaintiffs to "file into the record, and properly serve, verified invoices that reflect the time and costs associated with prosecuting the violation of the automatic stay." *See id*. Counsel filed verified invoices into the record on June 27, 2023. [ECF Docs. 22 & 23]. The Court provided deadlines for Burden to respond to the Plaintiffs' counsel's invoices and took the issue of the quantum under advisement. [ECF Doc. 20]. Burden filed no response into the record.

## FINDINGS OF FACT[1]

On or around December 2016, Lorraine Robinson ("Lorraine" or the "Debtor") suffered a stroke, leaving her partially disabled. *See* Hr'g Rec'ing. 2:51–2:55 p.m. (June 22, 2023). Her brother, Johnnie, cared for her, looking after her physical wellbeing in addition to helping her manage her financial affairs. *See* Hr'g R'ing 2:54–2:59. In doing so, Johnnie helped Lorraine manage a rental property located at 3426-3428 (or 3426 ½ - 3428 ½) South Liberty Street, New Orleans, LA 70115 (the "Property"), which provided Lorraine's primary source of income. *See* Hr'g Rec'ing 2:55–2:56. On June 16, 2020, Johnnie obtained power of attorney over Lorraine. *See* Hr'g Rec'ing 2:53–2:57; Plaintiff Ex. 3. A few months later, he assisted her in filing the

---

[1] The Court makes these findings of fact and conclusions of law pursuant to Federal Rules of Bankruptcy Procedure 7052 and 9014. To the extent that any of the following findings of fact are determined to be conclusions of law, they are adopted and shall be construed and deemed conclusions of law. To the extent any of the following conclusions of law are determined to be findings of fact, they are adopted and shall be construed and deemed as findings of fact.

present bankruptcy case on September 20, 2020 to save the Property. *See* Hr'g Rec'ing 2:53–2:57. Throughout the bankruptcy case, Johnnie took care of Lorraine, managed the property, and made payments to the Trustee on her behalf. *See* Hr'g Rec'ing 2:55–3:00. In January 2023, Lorraine passed away. *See* Hr'g Rec'ing 2:59–3:01. Johnnie assumed responsibility for the bankruptcy case and continues to make payments to the Trustee.

On or about February 1, 2023, Burden appeared at the Property and asserted to Johnnie that he owned it. *See* Hr'g Rec'ing 3:00–3:03. Burden told Johnnie that Lorraine signed a quit claim deed conveying the Property to Burden. *Id.*[2] Prior to this interaction, Johnnie had never seen or heard of Burden. *See* Hr'g Rec'ing 2:58–3:03.

On March 5, 2023, Burden came to the Property a second time. *See* Hr'g Rec'ing 3:03–3:05. This time the police were called. *Id*. When the police arrived, Burden showed the police a quitclaim deed. *See* Hr'g Rec'ing 3:03–3:07. Johnnie told both the police and Burden about the pending bankruptcy case. *Id*; *see also* Hr'g Rec'ing 3:37–3:38. But after reviewing Burden's quitclaim deed and records on the Parish Tax Assessor's Web site, the police told Johnnie that he had to leave the Property. *See* Hr'g Rec'ing 3:04–3:10. The police also told Johnnie that if he came back to the Property, he would be arrested. *See* Hr'g Rec'ing 3:15–3:16.[3] Afterward, Burden

---

[2] The quitclaim deed purports to show that Lorraine conveyed the Property to Burden on December 22, 2019. [Plaintiff Ex. 1]. But the date stamped on the quitclaim deed shows that Burden filed the quitclaim deed in state court on January 24, 2023—more than two years after the petition date of Lorraine's bankruptcy case. *Id*. This Court's June 23, 2023 Order states: "The Court finds that the Quitclaim Deed filed post-petition by Jonathan Burden and/or one of his agents in the public records of Orleans Parish to be an attempt to obtain possession and/or control of property of the bankruptcy estate without leave of this Court in violation of 11 U.S.C. § 362(a)." [ECF Doc. 20].

[3] Although the Court did not consider it for purposes of assessing damages or awarding sanctions in connection with Burden's willful violation of the automatic stay, the Court notes that significant portions of Johnnie's testimony explained that Lorraine was in poor mental and physical health at the time she allegedly signed the quitclaim deed. *See* Hr'g Rec'ing 3:33–3:37. Johnnie testified as to his belief that if Lorraine had signed the quitclaim deed, she would not have known or understood what she was signing. *Id*. Further, Johnnie did not believe that Lorraine received any form of consideration from the transfer. *Id*.

used social media to mock Johnnie and brag about taking Lorraine's house. *See* Hr'g Rec'ing 3:15–3:17; *see also* Plaintiff Exhibit 13.

Burden also initiated eviction actions against tenants. *See* Hr'g Rec'ing 3:16–3:22; Plaintiff Ex. 7. At least one of the tenants paid Burden rent because they were unsure who owned the Property and were afraid of being evicted. *See* Hr'g Rec'ing 3:16–3:22; [Plaintiffs Ex. 9]. Burden has not returned any of the rents collected to Johnnie. *See* Hr'g Rec'ing 3:21–3:22. Johnnie was unable to collect rents from the tenants or fill the vacant units for at least three months. *See* Hr'g Rec'ing 3:17–3:24, 3:37–3:42.

The Property consists of six units: four apartments and two small rooms. *See* Hr'g Rec'ing 2:55–2:56, 3:25–3:30. Before Lorraine passed away, she lived in one apartment and tenants rented three other apartments. *See id.* The two small rooms were vacant. *See id.* When Lorraine passed away, her apartment became available. *See* Hr'g Rec'ing 3:25–3:30. Prior to Burden's interference, Johnnie rented three units to tenants for $450, $500, and $600 per month. *See id.* Because Johnnie was unable to collect rents for at least three months due to Burden's illegal control of the Property, the Court finds that Johnnie lost rental income of $4,650.

On May 17, 2023, Debtor's counsel, Jonathan DeTrinis, initiated an adversary proceeding on behalf of Lorraine's estate and Johnnie as the representative of her bankruptcy estate against Burden, Burden's closely held company, and attorney David Alfortish, seeking a declaration that the quitclaim deed is null, enforcement of the automatic stay, disgorgement and return of estate property, and an award of attorneys' fees and sanctions for violations of the automatic stay and Louisiana state law. [ECF Doc. 1]. In retaliation, on June 2, 2023, Burden filed in Louisiana state

---

Given his position managing her financial affairs, he testified that he would have known if money had been transferred to her in exchange for conveying the Property to Burden. *Id.*

4

court a *Petition for Protection from Stalking or Sexual Assault* against DeTrinis. *See* Plaintiff Ex. 10. DeTrinis was forced to respond to that petition and, ultimately, the case was dismissed for lack of prosecution. *See id*.[4]

## CONCLUSIONS OF LAW

This Court holds both "inherent contempt authority and equitable authority under § 105 [of the Bankruptcy Code]." *In re Cano*, 410 B.R. 506, 538 (Bankr. S.D. Tex. 2009). "Federal courts have inherent powers which include the authority to sanction a party or attorney when necessary to achieve the orderly and expeditious disposition of their dockets." *Carroll v. Abide (In re Carroll)*, 850 F.3d 811, 815 (5th Cir. 2017) (citations omitted); *see also In re Spectee Grp., Inc.*, 185 B.R. 146, 155 (Bankr. S.D.N.Y. 1995) ("A Court has inherent authority to supervise and control its own proceedings, and to require the payment of the other party's attorney's fees by one who has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" (quoting *Oliveri v. Thompson*, 803 F.2d 1265, 1272 (2d Cir. 1986))).

This Court also has a statutory grant of authority under § 105(a) of the Bankruptcy Code "to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). In addition to granting broad power to implement provisions of the Bankruptcy Code, § 105(a) "has been interpreted as supporting the inherent authority of the bankruptcy courts to impose civil sanctions for abuses of the bankruptcy process." *In re Carroll*, 850 F.3d at 816 (quoting *Walton v. LaBarge, Jr. (In re Clark)*, 223 F.3d 859, 864 (8th Cir. 2000);

---

[4] This Court's June 23, 2023 Order states:

> The Court also interprets the lawsuit filed against counsel for Debtor/Plaintiff by Jonathan Burden in the Civil District Court for the Parish of Orleans, styled as No. 2023-05110, *Petition for Protection from Stalking or Sexual Assault*, to be an attempt to obtain possession and/or control of property of the bankruptcy estate without leave of this Court in violation of 11 U.S.C. § 362(a).

[ECF Doc. 20]

*Friendly Fin. Discount Corp. v. Tucker (In re Tucker)*, No. 99-31069, 2000 WL 992448, at *3 (5th Cir. June 28, 2000)); *see also In re Tabor*, 583 B.R. 155, 177 (Bankr. N.D. Ill. 2018) (citing *In re Volpert*, 110 F.3d 494, 500 (7th Cir. 1997)).

Awards of actual damages are also specifically allowed pursuant to 11 U.S.C. § 362(k) for willful violations of the automatic stay. The statute provides, in relevant part:

> an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362(k). Willful violation

> does not require a specific intent to violate the automatic stay. Rather, the statute provides for damages upon a finding that the defendant knew of the automatic stay and that the defendant's actions which violated the stay were intentional. Whether the party believes in good faith that it had a right to the property is not relevant to whether the act was "willful" or whether compensation must be awarded.

*Brown v. Chesnut (In re Chesnut)*, 422 F.3d 298, 302 (5th Cir. 2005) (quoting *Tsafaroff v. Taylor (In re Taylor)*, 884 F.2d 478, 482 (9th Cir. 1989)).

On June 23, 2023, the Court found that Burden willfully violated the automatic stay imposed by 11 U.S.C. § 362(a). [ECF Doc. 20]. The Court finds that the numerous actions taken by Burden to control property of the estate constitute bad faith. Accordingly, the Court finds it appropriate to impose sanctions against Burden and in favor of Johnnie Robinson as representative of Lorraine Robinson's bankruptcy estate pursuant to 11 U.S.C. § 362(k) and 11 U.S.C. § 105 in the amount of $4,650.00 (representing uncollected rents that are property of the estate), as well as attorneys' fees in the amount of $20,016.00 and expenses in the amount of $134.82 incurred in protecting property of the estate. The Court further imposes sanctions against Burden and in favor of attorney DeTrinis under 11 U.S.C. § 105(a) in the form of attorneys' fees in the amount of $1,976.00 and expenses in the amount of $80.00 incurred in defending the retaliatory lawsuit filed

against him personally. *See In re Cleveland Imaging & Surgical Hosp., L.L.C.*, 26 F.4th 285, 294 (5th Cir. 2022).

"Once a court orders that a party must pay reasonable fees and expenses as a sanction, the lodestar analysis is then used to determine the proper amount of fees 'by multiplying the reasonable number of hours expended in defending the suit by the reasonable hourly rates for the participating lawyers.'" *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL NO. 2179, 2021 WL 4192060, at *2 (E.D. La. Sept. 15, 2021) (quoting *Skidmore Energy v. KPMG*, 455 F.3d 564, 568 (5th Cir. 2006)). A court may then adjust the lodestar number up or down depending upon the presence or absence of the twelve factors identified in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir.1974) (assessing reasonableness of attorneys' fees under § 706(k) of Title VII of the Civil Rights Act of 1964), *abrogated on other grounds*, *Blanchard v. Bergeron*, 489 U.S. 87 (1989). *See In re Cahill*, 428 F.3d 536, 539–40 (5th Cir. 2005) (applying the *Johnson* factors in a bankruptcy context); *In re Harris-Nutall*, 572 B.R. 184, 197 (Bankr. N.D. Tex. 2017) (same); *In re New Town Dev. Grp., L.L.C.*, No. 09-10029, 2010 WL 1451480 (Bankr. M.D. La. Apr. 9, 2010) (same); *In re Energy Partners, Ltd.*, 422 B.R. 68 (Bankr. S.D. Tex. 2009) (same).[5]

The Fifth Circuit affords courts considerable discretion in awarding attorneys' fees. *See Transamerican Natural Gas Corp. v. Zapata P'ship, Ltd. (In re Fender)*, 12 F.3d 480, 487 (5th

---

[5] The *Johnson* factors include: (1) time and labor required; (2) novelty and difficulty of the issues; (3) skill required to perform the legal services properly; (4) preclusion of other employment; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) experience, reputation, and ability of the attorneys; (10) undesirability of the case; (11) nature and length of the professional relationship with the client; and (12) award in similar cases. *See Ga. Highway Express*, 488 F.2d at 717–20. But "[t]he lodestar method is presumed to account for four of the twelve *Johnson* factors— the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from litigation." *In re Rodriguez*, 517 B.R. at 730.

7

Cir. 1994). Burden has not objected to the reasonableness of the invoices submitted by DeTrinis. The Court nevertheless independently reviewed the invoices. Given the seriousness of Burden's violations of the automatic stay, the harm he caused to the estate and its creditors, the metered but timely response of DeTrinis and Johnnie Robinson to protect assets of this estate, and the prevailing rates in this market for legal services, the Court is satisfied that the fees and expenses incurred by DeTrinis and Robinson in dealing with this matter are reasonable.

Accordingly,

**IT IS ORDERED** that monetary sanctions are assessed against Jonathan Burden and in favor of Johnnie Robinson in the total amount of $24,800.82 and shall be payable within thirty days of this Order by mailing via commercial courier or hand-delivering certified funds to the Debtor's bankruptcy counsel:

> Jonathan DeTrinis
> DeT Law Firm, LLC
> 4000 Bienville Street, Suite C-1
> New Orleans, Louisiana 70119

**IT IS FURTHER ORDERED** that monetary sanctions are assessed against Jonathan Burden and in favor of Jonathan DeTrinis in the total amount of $2,056.00 and shall be payable within thirty days of this Order by mailing via commercial courier or hand-delivering certified funds to:

> Jonathan DeTrinis
> DeT Law Firm, LLC
> 4000 Bienville Street, Suite C-1
> New Orleans, Louisiana 70119

**IT IS FURTHER ORDERED** that the Court will hold a hearing on **Thursday, November 9, 2023, at 3:00 p.m.** at the United States Bankruptcy Court, 500 Poydras Street, Courtroom B-709, New Orleans, Louisiana 70130 to assess compliance with this Order and, in the event of non-

compliance, to assess whether additional action should be taken by the Court to ensure compliance with this Order.

**IT IS FURTHER ORDERED** that, to the extent any remaining relief requested in the Motions is pending, the Motions are **GRANTED**.

**IT IS FURTHER ORDERED** that Jonathan DeTrinis shall serve this Memorandum Opinion and Order via first class U.S. Mail on all parties not receiving electronic notice via this Court's CM/ECF system and on Jonathan Burden at the address listed below and file a certificate of service within three days pursuant to the Federal Rules of Bankruptcy Procedure:

Jonathan Burden
2023 Peniston Street
New Orleans, LA 70115

New Orleans, Louisiana, September 21, 2023.

_____
MEREDITH S. GRABILL
UNITED STATES BANKRUPTCY JUDGE